UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHOA DANG NGUYEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U. S. CONSULTANT GENERAL,<br><br>　　　　Defendant. | Case No.: C 08-4076 PVT<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**ORDER TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE ENTERED AGAINST DEFENDANT** |

On January 13, 2009, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's motion for summary judgment.[1]  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motion is DENIED.

Defendant argues that summary judgment is warranted because the consular officer who denied Plaintiff's petition for a non-immigrant visa for his fiancé purportedly articulated a facially legitimate and bona fide reason.  However, Defendant has failed to demonstrate that no genuine issue of material fact exists for trial.  *See Celotex v. Catrett,* 477 U.S. 317, 322 (1986).

The only reason for denying the visa relied on by Defendant is the claim that Plaintiff "failed

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

to complete the petition fully and did not disclose all prior marriages, as requested in Part A, item 9 of Form 129F, and as required under 8 C.F.R. § 103.2(a)(1)." Defendant argues that such information is necessary to evaluate the beneficiary's eligibility for a visa. Plaintiff has filed copies of documents he submitted in response to Defendant's request for additional information. Included in those documents is a copy of the first page from the Judgments of Dissolution for each of his two prior marriages. (*See* Plaintiff's exhibit 128.) Those two documents identify the names of each prior wife and the date each prior marriage was dissolved. That is the only information requested in Part A, item 9 of Form 129F.

In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). Based on the record presently before the court, there is a reasonable inference that Plaintiff *did* disclose all prior marriages, that Defendant *had* received that information from Plaintiff, and that the Defendant's reason for denying the visa was thus not "bona fide." *See Bustamante v. Mukasey*, 531 F.3d 1059, 1062-63 (9th Cir. 2008) (declining to remand to district court for factual development only because the plaintiffs in that case had not alleged bad faith and the record reflected the consular officer's "sincere belief" in the reason articulated for denying the visa).

IT IS FURTHER ORDERED that, no later than February 27, 2009, Defendant shall file a declaration showing cause, if any, why summary judgment mandating issuance of the visa should not be entered against Defendant based on the fact that Plaintiff had, in fact, provided the requested information to the consular officer, and thus the reason proffered for the denial of the visa was not bona fide. *See Celotex v. Catrett,* 477 U.S. 317, 326 (1986) (noting that courts may enter summary judgment *sua sponte* so long as the losing party was on notice that it had to come forward with all of its evidence).

Dated: *1/21/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***

<u>copies mailed on</u>    *1/21/09*         to:

Khoa Dang Nguyen
471 E. Julian Street
San Jose, CA 95112

                     <u>  */s/ Donna Kirchner*         for  </u>
                      CORINNE LEW
                      Courtroom Deputy