1

2

3

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11                                SAN JOSE DIVISION

12

13   KHOA DANG NGUYEN,              )        Case No.: C-08-04076 PSG
                                    )
14                     Plaintiff,   )        **ORDER GRANTING DEFENDANT**
          v.                        )        **UNITED STATES CONSULATE**
15                                  )        **GENERAL'S MOTION FOR**
     UNITED STATES CONSULATE        )        **SUMMARY JUDGMENT**
16   GENERAL,                       )
                                    )        (Docket No. 41)
17                     Defendant.   )
     _____)

18

19          Defendant United States Consulate General ("USCG") moves for summary judgment.[1]

20   Plaintiff Khoa Dang Nguyen ("Nguyen") proceeding *pro se* opposes the motion.[2]  On May 31,

21   2011, the parties appeared for hearing.  Having reviewed the papers and considered the parties'

22   arguments, USCG's motion for summary judgment is GRANTED.

23

24          [1]   *See* Docket No. 40.  In light of the reassignment to the undersigned and the case history,
     the court terminated all pending motions and set a new briefing schedule inviting the parties to
25   submit cross-motions for summary judgment.

26          [2]   In the March 25, 2011 Order, Nguyen was ordered to file an opposition and any cross-
     motion for summary judgment no later than April 26, 2011.  He did not do so.  Instead, on May
27   9, 2011, Nguyen filed a motion which the court deems to be his opposition to USCG's above
     summary judgment motion.  *See* Docket No. 43.  On May 20, 2011, Nguyen also filed an
28   objection and opposition.  *See* Docket No. 45.  Both of these pleadings have been considered by
     the undersigned notwithstanding the delayed filings.

# I. BACKGROUND

**A.     The K-1 Petition and Visa Application Process**

This case arises from the USCG's decision to deny a K-1 visa to Nguyen's fiancee.

The nonimmigrant K-1 visa permits alien fiancees of United States citizens to enter the United States to marry their U.S. citizen fiancees within ninety days.[3]  To obtain a K-1 visa, an alien and his or her citizen fiancee must prevail in a two-step process created by Congress.  First, the U.S. citizen must first file a petition and obtain approval from the Secretary of Homeland Security.  Second, the alien must secure a nonimmigrant visa abroad.

Under the first step, a U.S. citizen fiancee files a petition for the alien fiancee ("petition") on Form I-129F with the United States Citizenship and Immigration Services ("USCIS"). USCIS then reviews whether: (1) the petitioner is a U.S. citizen; (2) the couple intend to marry within ninety days of the alien entering the United States; (3) the petitioner and alien are both free to marry and any previous marriages have been legally terminated by divorce, death, or annulment; and (4) the petitioner and alien have met in person at least once within two years of filing the petition.

Under the second step, upon USCIS approval, the petition is sent to the National Visa Center ("NVC") for further processing.  NVC conducts criminal background checks and forwards the petition to the embassy or consulate in the country in which the alien resides.  If NVC approves the petition, it sends a notice and the embassy or consulate will send an instruction package to the alien.  An alien will be interviewed by a consular officer if: (1) the alien reported that all of the necessary documents have been collected; and (2) the medical examination has been completed and the report is or will be available in advance of the interview.  At the interview, a consular officer will assess the alien's eligibility for the visa, including whether the fiancee relationship is bona fide. Based on the application, documents submitted, and interview, the consular official will either issue or decline the visa.  If the consular official determines that the alien is eligible for K-1 visa status, the officer will issue a visa valid for a period of six months for one entry.  Only consular officials have the power to

---

[3]     *See* 8 U.S.C. § 1101(a)(15)(K)(i).

issue visas.

       If the application for a K-1 visa is denied, the consular official must inform the alien why the application was refused and provide the mechanism to review the consular official's decision.  A refusal is subject to mandatory review by the principal consular official.  A consular official may deny the visa if he or she determines that the relationship on which the K-1 visa is based is not bona fide.  If the visa application is denied on that basis, the consular official must return the petition to the appropriate USCIS office, through NVC, with a memorandum setting forth the specific facts that supporting such a determination.  USCIS does not reaffirm or reopen returned petitions that have expired, and will not take any further adjudicatory action on expired petitions.  A petitioner, however, may file another petition.

**B.   Nguyen's Petition and Huynh's Visa Application**

       Nguyen is a U.S. citizen.  He filed a K-1 petition identifying Ngoc Kim Huynh ("Huynh") as his fiancee.  Huynh has two children named Yen Tran and Tram Tran and resides in Vietnam.  Nguyen's visa petition was approved by USCIS and on May 21, 2008, Huynh applied for an immigrant visa.  On May 29, 2008, a consular official denied Huynh's visa application after concluding Nguyen had failed to disclose all prior marriages as requested in Part A, item 9, of Form I-129F and as required under 8 C.F.R. § 103(a)(1).  On June 17, 2008, the United States Embassy ("Embassy") in Ho Chi Minh City returned the visa petition to NVC to be returned to USCIS.

       On August 26, 2008, Nguyen filed this suit seeking review of the consular official's determination to deny Huynh's visa application.  In his complaint Nguyen states that all additional documents and information requested by the consular official were provided.  Nguyen therefore requests that the court grant Huynh's visa application without any further delay.

       Even as this case proceeded, further material developments took place.  Although the government suggested at oral argument that the petition had expired, the government's brief unambiguously declares that USCIS ultimately reaffirmed the petition.  On December 28, 2009, the Embassy received from USCIS the reaffirmed petition.  On March 12, 2010, a consular official interviewed Huynh and informed her that the application would again be denied.  Huynh

was requested to return to the Embassy on April 9, 2010 with additional information and documents. On April 9, 2010, after Huynh returned with additional information, a consular official nevertheless again denied Huynh's visa application and again returned the visa petition to NVC and USCIS. Although the consular official no longer challenged the adequacy of Nguyen's disclosure of his prior marriages, the official doubted that the claimed petitionable relationship was genuine and concluded that the relationship was presented solely for immigration purposes.

In the accompanying memorandum, the consular official set forth the following specific reasons as grounds for denying the application:

1.  Photographs submitted as evidence of the relationship indicated that Nguyen and Huynh had spent only one or two days together.

2.  Alleged communications between Nguyen and Huynh are not credible. Evidence of any mutual written communications begin in 2009 when the parties allege that their relationship began in April 2007.

3.  Nguyen and Huynh have provided evidence of only a small, inconsequential engagement ceremony in spite of local social and cultural norms that dictate larger family celebrations for families of even modest means.

4.  Nguyen and Huynh became engaged before meeting in person and only after one month of first knowing each other. Again, this contrasts with Vietnamese social and cultural norms of a more lengthy and deliberative period for pre-nuptial arrangements.

5.  Nguyen's chronology of the relationship is not credible.

6.  Huynh is unaware of any facts regarding Nguyen's occupation, livelihood and/or worklife. The consular officer notes that Huynh was unaware of whether Nguyen had employees in his office and if so, the number of them.

7.  Huynh is unaware of facts regarding where Nguyen resides. For example, the consular officer notes that she did not know any information regarding San Jose, California.

## II. LEGAL STANDARDS

**A.   Jurisdiction**

Generally, a consular official's decision to issue or withhold a visa is not subject either to administrative or judicial review.[4]

However, courts have found a limited exception to the doctrine where the denial of a visa

---

[4]   *See Li Hing of Hong King, Inc. v. Levin,* 800 F.2d 970, 971 (9th Cir. 1986).

implicates the constitutional rights of an American citizen.  In *Bustamante v. Mukasey,* the Ninth Circuit joined the First, Second and D.C. Circuits in holding that "a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision."[5]  As the Ninth Circuit explained, "the Supreme Court has deemed straightforward the notion that the Due Process Clause provides that certain substantive rights - life, liberty, and property - cannot be deprived except pursuant to constitutionally adequate procedures."[6]  "Freedom of personal choice in matters of marriage and family life is, of course, one of the liberties protected by the Due Process Clause."[7] Under this limited inquiry, however, "[a]s long as the reason given is facially legitimate and bona fide the decision will not be disturbed."[8]

### B.    Summary Judgment

Under Rule 56(c), the trial judge shall grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law.[9] "Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact."[10] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11]

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would

---

[5]    *See Bustamante v. Mukasey,* 531 F.3d 1059, 1062 (9th Cir. 2008).

[6]    *Id.*(citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)).

[7]    *Id.*

[8]    *Id.*

[9]    *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

[10]    Fed. R. Civ. P. 56 (1937 Advisory Committee Notes).

[11]    Fed. R. Civ. P. 56(c).

1    support a jury verdict."[12]  Rule 56(e) states that a party opposing a properly supported motion for

2    summary judgment may not rest upon mere allegation or denials of his pleading, but must set

3    forth specific facts showing there is a genuine issue for trial.[13]   The court must draw all

4    reasonable inferences in favor of the non-moving party.[14]  The opposing party "must do more

5    than simply show that there is some metaphysical doubt as to the material facts."[15]  "The mere

6    existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the

7    jury could reasonably find for the [non-moving party]."[16]

8                                  **III. DISCUSSION**

9            USCG initially challenges this court's jurisdiction over Nguyen's claim, complaining that

10   Nguyen he has failed to articulate a clear constitutional claim.[17]

11           Admittedly, the complaint and subsequent attempts to supplement the complaint are not

12   models of clarity.  But Nguyen has alleged that the consular officer acted in violation of his

13   constitutional rights, and has specifically challenged the process by which he has been denied an

14   opportunity to marry Huynh.  Equally significant, Nguyen is proceeding  *pro se*, and the Ninth

15   Circuit has made clear that *pro se* claims are to construed liberally.[18]  Based on Nguyen's

16   allegation and the instruction provided by the Ninth Circuit in *Bustamante*,[19] a highly constrained

17   review solely to determine whether the consular official acted on the basis of a facially

18   legitimate and bona fide reason is appropriate here.  This court therefore concludes that it has

19

20          [12]   *See Anderson,* 477 U.S. at 256.

21          [13]   *See id.*

22          [14]   *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus.*
     *Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).

23

24          [15]   *Matsushita,* 475 U.S. at 588.

            [16]   *See Anderson,* 477 U.S. at 252.

25

26          [17]   The court notes that in contrast to an earlier filing, USCG's pending motion does not
     argue that Nguyen has failed to exhaust his administrative remedies.  Accordingly, the court
     deems this argument waived.

27

            [18]   *See Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc).
28

            [19]   *See id.*

1  jurisdiction to narrowly review whether the consular officer's reasons for denying the visa to

2  Huynh were both facially legitimate and bona fide.[20]

3       Turning to the reasons for the denial of Huynh's application, USCG states that the

4  consular official articulated clear and specific reasons for doubting the bona fides of the

5  relationship.  USCG further states that Nguyen has not offered any evidence that the consular

6  official acted in bad faith and only contends that the consular official was simply wrong.

7       In response, Nguyen notes that he provided the consular official with specific documents,

8  including pictures, videos, telephone records, to refute any stated concerns regarding the

9  legitimacy of the relationship.[21]  Although the consular official set forth specific reasons in a

10  memorandum for denying a visa to Huynh, Nguyen disputes whether the additional information

11  and documents requested by the consular official and provided by Huynh at the April 9, 2010

12  interview were even considered.

13       A reasonable jury could only conclude that USCG's reasons are both facially legitimate

14  and bona fide.  As the memorandum makes clear, the consular official had numerous reasons,

15  including credibility determinations, to believe that the claimed petitionable relationship between

16  Nguyen and Huynh was not legitimate.  In light of the seven specific grounds for this belief

17  outlined in the memorandum, this is plainly a facially legitimate reason, as it is a statutory basis

18  for denying the visa application.[22]  As for the bona fides of the decision, while Nguyen

19  vigorously disputes the consular official's conclusion and the official's proper consideration of

20  all information submitted, his complaint "does not allege that the consular official did not in

21  good faith believe the information he had.  It is not enough to allege the consular official's

---

[20]  *Cf. Din v. Clinton*, No. C. 10-0533 MHP, 2010 WL 2560492, at *3 (N.D. Cal. Jun. 22, 2010).

[21]  Nguyen also takes issue with USCG's justification for initially returning his petition:  that Nguyen had failed to provide sufficient documentation regarding his prior marriages.  That argument, however, was mooted when USCIS reaffirmed its decision to grant Nguyen's petition and sent the reaffirmed petition back to USCG.

[22]  *See* 8 U.S.C. § 1201(g).

information was incorrect."[23]  Put another way, even if Nguyen could point to substantial

evidence at odds with the official's ultimate conclusion about the claimed petitionable

relationship, that evidence is insufficient where, as here, there is no evidence or even allegation

that the official "acted upon information it knew to be false."[24]  The record is therefore

insufficient to permit a reasonable jury to conclude that there is merit to Nguyen's constitutional

claim.

## IV.  CONCLUSION

For the foregoing reasons, USCG's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated:    June 3, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[23]  *Bustamante*, 531 F.3d at 1062; *accord Amer. Acad. Of Religion v. Napolitano*, 573 F.3d 115, 137 (2d Cir. 2009) (holding that a consular official's facially legitimate decision was non-reviewable "in the absence of a well-supported allegation of bad faith, which would render the decision not bona fide").

[24]  *Bustamante*, 531 F.3d at 1063.  The court must take note that, in light of the Secretary of State's discretionary right to withhold all records of the visa decision, *see* 8 U.S.C. § 1202(f), it would appear that few fiancees of K-1 visa applicants could ever meet their burden of presenting sufficient evidence of bad faith.  This creates the same kind of "catch-22" observed by Judge Patel with respect to 8 U.S.C. §1182(b)(4).  *See Din*, 2010 WL 2560492, at *5.  Nevertheless, as Judge Patel further noted, "a mere incantation that the government acted in bad faith" is insufficient under the framework prescribed by Congress, and that framework must be respected.

1    A copy of this order was mailed on June 3, 2011 to the following:

2    Khoa Dang Nguyen
     471 E. Julian Street
3    San Jose, CA 95112

4                                                          _____EHP_____
                                                           Chambers of U.S. Magistrate Judge
5                                                          Paul S. Grewal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28